# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 18-CR-0243-002-CVE |
| VENG XIONG, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is the Government's Notice of Intent to Admit Evidence of Other Crimes, Wrongs, or Acts (Dkt. # 121). Plaintiff has identified four evidentiary matters that may qualify as evidence of crimes, wrongs, or other acts under Fed. R. Evid. 404(b), and plaintiff has provided notice to defendant of its intent to offer possible Rule 404(b) evidence. Defendant has filed an objection (Dkt. # 130) to the admissibility of the evidence identified by plaintiff.

On December 7, 2018, a grand jury returned an indictment charging Ken Lee, Veng Xiong, Xiongkou Her, and Kosh Kash Cannady Lor with drug conspiracy and possession of a firearm in furtherance of a drug trafficking crime, and Xiong was also charged with being a felon in possession of a firearm (Dkt. # 2). A grand jury subsequently returned a superseding indictment (Dkt. # 69) charging Lee, Xiong, Her, and Lor with drug conspiracy (count one), and Xiong is also charged with possession of a firearm in furtherance of a drug trafficking crime (count three) and being a felon in possession of a firearm (count four). As to count one, the superseding indictment alleges that the drug conspiracy operated from sometime in March 2018 to April 9, 2018. Lor has pled guilty to a separate charge alleged in a felony information, and the trials of Lee and Her have been severed.

Xiong appeared for pretrial conferences on July 8 and 25, 2019, and each time he advised the Court that he did not wish to change his plea pursuant to a plea agreement that had been offered by plaintiff. Xiong is now set for trial on July 29, 2019.

Plaintiff has identified four evidentiary matters that may qualify as Rule 404(b) evidence. First, defendants were arrested on state charges on April 9, 2018, and Lee made a confession to agents of the Oklahoma Bureau of Narcotics. The confession implicates co-defendants Xiong and Lor, and plaintiff argues that the confession should be admitted under Rule 404(b). Second, in April 2018, Lee's wife received a call from a man identified as "Trigger," and Trigger stated that Lee would "get it" if he cooperated with police. Plaintiff states that Trigger was the supplier of methamphetamine for the conspiracy charged in the superseding indictment. Third, the defendants were arrested on federal charges in January 2019 and they were transported to the Osage County Jail. Defendant confronted Lee and accused him of being a "snitch," and defendant punched Lee in the face. Finally, plaintiff obtained a forensic examination of defendant's cellular phone, and the phone contained numerous text messages concerning illegal drug transactions and the possession of firearms. There are text messages saved under the name "Trigger" and some of the text messages reference Trigger.

Rule 404(b) provides, in pertinent part:

> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> . . .
>
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

However, Rule 404(b) does not apply to "other act" evidence which is admitted as proof of the charged conduct; it applies only to evidence of acts extrinsic to the charged crime. United States v. Irving, 665 F.3d 1184, 1212 (10th Cir. 2011). The Tenth Circuit has held that "intrinsic evidence is that which is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." Irving, 665 F.3d at 1212. Moreover, "'[a]n uncharged act [is not] extrinsic if it was part of the scheme for which a defendant is being prosecuted . . . .'" United States v. DeLuna, 10 F.3d 1529, 1532 (10th Cir. 1993) (quoting United States v. Record, 873 F.2d 1363, 1372 n.5 (10th Cir. 1989)).

Even though evidence is intrinsic to the charged offenses, however, it still may be excluded under Fed. R. Evid. 403. United States v. Lambert, 995 F.2d 1106 (10th Cir. 1993) ("Such intrinsic 'other act' evidence, although not excluded by 404(b), is still subject to the requirement of Fed. R. Evid. 403 that its probative value is not substantially outweighed by the danger of unfair prejudice."). Under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . [inter alia]: unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time . . . ." Evidence is unfairly prejudicial only if it makes "a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." United States v. Smith, 534 F.3d 1211, 1219 (10th Cir. 2008).

Defendant's objection to the notice of Rule 404(b) is primarily focused on the admissibility of the text messages recovered from his cellular phone, and the Court finds that the remaining matters are either not Rule 404(b) evidence or are intrinsic to the charged offense. Lee's April 2018 confession may contain statements that implicate defendant in criminal activity, but in a conspiracy

3

case such statements are ordinarily admissible to establish the existence of a conspiracy. The parties have not provided a copy of the confession to the Court, but it is likely that confession concerns matters occurring within the time frame charged in the superseding indictment and Rule 404(b) may not even be at issue. Lee's confession may concern matters outside the scope of the time frame referenced in the superseding indictment, but this does not automatically mean that Lee's confession is inadmissible under Rule 404(b) or that this evidence would be irrelevant. It is also possible that Lee will testify at trial and, if so, defendant will be permitted to cross-examine Lee about any prior statements Lee has made about defendant's alleged role in the conspiracy. As to Trigger's alleged threat to Lee's wife, this evidence does not appear to directly implicate defendant unless there is some context for the evidence that is not disclosed in plaintiff's Rule 404(b) notice. At the pretrial conference on July 25, 2019, plaintiff's counsel explained the Trigger is one of the unindicted co-conspirators referenced in the superseding indictment, and statements by Trigger may be relevant to establish the existence and scope of a conspiracy to distribute methamphetamine. It is not clear that Trigger's threat to harm Lee if he cooperated with authorities would constitute Rule 404(b) evidence in Xiong's trial, and the requirements of Rule 404(b) may not apply. This could be relevant evidence under Fed. R. Evid. 401 if it concerns the actions of an unindicted co-conspirator, and the Court will not preliminarily exclude evidence of Trigger's threat to harm Lee if he cooperated with law enforcement.

Defendant argues that evidence that he called Lee a "snitch" and punched him in the face concerns events that occurred well after the time period for the conspiracy alleged in the superseding indictment. Plaintiff states that this incident occurred on January 17, 2019, and defense counsel argues that the superseding indictment limits the scope of the conspiracy to events occurring in

4

March and April 2018. Dkt. # 130, at 2. The Tenth Circuit has found that a conspirator's attempt to conceal the existence of a conspiracy from law enforcement furthers the goals of a conspiracy, and a conspiracy can be deemed ongoing even after a person is arrested. United States v. Alcorta, 853 F.3d 1123 (10th Cir. 2017). Defendant's actions following his arrest on federal charges can reasonably be deemed as an attempt to discourage a co-conspirator from cooperating with law enforcement, and defendant's effort to silence a co-conspirator are reasonably deemed as actions taken in furtherance of the charged conspiracy. Even though the incident occurred several months after the dates listed in the superseding indictment, defendant's ongoing efforts to frustrate an investigation would further the goals of the conspiracy and this act should be treated as intrinsic to the crimes charged in the superseding indictment.

Defendant argues that text messages recovered from his cellular phone are not relevant and admission of this evidence would be unfairly prejudicial, because the text messages are not from the relevant time period and plaintiff has not provided a specific basis for admissibility under Rule 404(b). Dkt. # 130, at 3. The text messages at issue were exchanged by defendant and Trigger, and plaintiff states that the messages concern drug trafficking and the possession of firearms. Dkt. # 121, at 5. Plaintiff has submitted a copy of the text messages that it will seek to admit at trial, and the Court finds that defendant's objection to the admissibility of the text messages should be preliminary overruled. Defendant's arguments suggested that many of the text messages would not be from the time frame referenced in the superseding indictment, but that is not the case. Many of the messages were sent in March and April 2018, and these messages are clearly intrinsic to the operation of the charged conspiracy. Some of the text messages pre-date the time frame for the conspiracy, and the text messages tend to show that defendant was engaged in drug trafficking and that he possessed a

firearm. To the extent the messages are not from March and April 2018, the messages could be subject to the restrictions of Rule 404(b) and plaintiff will have to make a showing of a proper purpose for the admissibility of this evidence. However, it also possible that plaintiff will be able to show that many of the text messages reference acts intrinsic to the charged conspiracy, even if not from March and April 2018, and the Court finds no basis to preliminarily exclude the test messages from admission at trial.

The Court's rulings on the admissibility of evidence will depend heavily on the context in which the evidence is offered, but plaintiff has shown that each of the evidentiary matters listing in the Rule 404(b) notice (Dkt. # 121) are likely to be admissible at trial. The parties are advised that pretrial rulings on the admissibility of evidence are preliminary, and at trial defendant may renew any objections to the admissibility of the evidence referenced in the Rule 404(b) notice.

**IT IS SO ORDERED** this 26th day of July, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE